CHARLES H. BOHN, Appellant, v. BOONE BUILDING AND LOAN ASSOCIATION, Appellee.

**Building and loan associations:** MATURITY OF STOCK: RIGHTS OF 1   HOLDER. When shares of stock in a building and loan association have matured the holder is no longer a stockholder in the association, but becomes simply a creditor whose certificates of stock are valuable only as evidence of the number of shares on which he is entitled to receive his money.

**Same:** LOANS TO ASSOCIATION. In the absence of a statute forbid- 2   ding it the borrowing of money is within the implied power of a building and loan association; and a provision in the by- laws of an association that upon maturity of his shares the holder shall have no further interest or profit thereon, does not preclude him from loaning the amount due to the asso- ciation and accepting its note therefor in lieu of the cash.

**Loans:** AUTHORITY OF OFFICERS TO MAKE. A building and loan as- 3   sociation, which is not restricted from borrowing money, cannot repudiate a note made by its President and Secretary for a loan from one of its members for the amount of his ma- tured stock, where the transaction is made a matter of record and the circumstances indicate that it was in accordance with the usual course of business.

**Liability to stockholder:** INSOLVENCY. A building and loan asso- 4   ciation cannot predicate a denial of its liability to a member for the amount of his matured stock by a claim that it was then insolvent, where in lieu of paying him the amount due at maturity it executed to him its note therefor and continued as a going concern for sometime thereafter.

*Appeal from Boone District Court.*— HON. W. D. EVANS, Judge.

MONDAY, JUNE 10, 1907.

The opinion states the case.

On rehearing.— *Reversed.*

*Goody, Koontz & Mahoney* and *Wm. M. Wilcoxen,* for appellant.

*Crooks & Snell* and *Dyer & Hull,* for appellee.

WEAVER, C. J.— The defendant is a building and loan association organized under the laws of this State. Prior to July 31, 1903, the plaintiff was a non-borrowing member and holder of twenty shares of stock in said association. On the date named, plaintiff's shares were found to be fully paid up, the book value having become equal to the par value thereof, and he thereby became entitled to demand and receive from the association the sum of $2,000 upon the surrender of his certificate. Instead of drawing the money, however, he entered into an arrangement with the officers of the association, or with some of them, by which he accepted a promissory note purporting to be the obligation of the association for $2,000 due in one year, at 5 per cent. interest, with an option under certain conditions on part of the maker to have the same extended on same terms for an additional year. The note is upon a form in which the name and obligation of the association are printed in full, with blanks attached for the signatures of its president and secretary. These blanks appear to have been filled with the names of the president and secretary then holding and exercising functions of the offices named. The giving of the note was not concealed, for, as we understand the matters stated in the abstract, the transaction was properly entered in the "bills payable" account of the association, and there was no other entry which could mislead the association, or any of its members or officers, into the belief that this plaintiff had ever withdrawn the money to which he was entitled. No officer or other witness attempts to deny knowledge of this transaction, or of the giving of the note; or to say that

in giving it the president and secretary departed from the authority usually exercised by them, or from the course of business usually transacted by them for and in the name of the corporation.

This obligation not having been paid, plaintiff brought action to recover thereon. By an amendment to his petition, filed at a later date, plaintiff alleged in a separate count the fact of his former membership in the association, the maturity of his stock, and that the sum so due, though demanded, had not been paid. The answer of the defendant admits the issue of the stock, but denies that the note was issued by or with the authority of the association, and denies the authority of the president and secretary to bind it by the issuance of such an obligation. It further pleads a section of its by-laws, which provides that no profit or interest shall be paid upon shares of stock after they are once matured, but the only right of the holders of such shares after maturity is the right to demand and receive the face value of their certificates.

It is further pleaded that, in the year 1904, the precise date not being given, but evidently after the maturity of the note given to the plaintiff, the association was found to be insolvent and went into voluntary liquidation, for which reason it is contended that the only right plaintiff has in the premises is to be paid *pro rata* with the other stockholders from the residue which may remain of the assets of the concern, after the demands of the creditors of the corporation have been satisfied. The district court entered judgment for defendant for costs, without prejudice to plaintiff's right to share *pro rata* with the other stockholders in the net assets of the corporation, and plaintiff appeals.

We are of the opinion that the judgment of the learned trial court cannot be upheld. In the first place, the plaintiff is making no claims as a stockholder in the association. True, he was once a stockholder, and while that relation existed the value of his stock could be determined only by con-

sideration of the relative rights of his fellow stockholders, who equally with himself were entitled to share in the common fund; but when his shares matured, and upon settlement with the association he was found to be entitled to withdraw the face value thereof, his relations as a stockholder ceased, and he became a creditor simply, without power to vote the shares of stock or to exercise any of the ordinary rights of membership. His certificate ceased to be evidence of continuing membership, and was valuable only as proof of the number of shares on which he was entitled to receive his money. *Winegardner v. Loan Co.,* 120 Iowa, 490. When, therefore, plaintiff's shares matured, and his right to withdraw the value thereof became fixed, it was perfectly competent for him to leave the money as a loan in the hands of the company, unless such transaction was so clearly in excess of the corporate power of the association as to be *ultra vires* and void.

*1. Building and loan associations: maturity of stock: rights of holder.*

There is no statute of this State denying to building and loan associations the power to borrow money, and, in the absence of such restrictions, we think the power is implied from the general nature of the business they are organized to carry on. See, upon this proposition, *Grommes v. Sullivan,* 26 C. C. A. 320 (81 Fed. 45, 43 L. R. A. 419); *B. & L. Ass'n v. Bank,* 79 Wis. 31 (47 N. W. 300). Nor do we find any restriction in this respect in the section of the by-laws to which our attention has been directed. That provision is simply a restatement of the general proposition of law that, when the shares held by a stockholder have matured, the sight to further interest or profit thereon ceases. But plaintiff claims in this action no interest or profit on his shares after maturity. By the first count of his petition he alleges in effect a loan to the corporation for which he received its promissory note. If he had received the money in his hand, and then passed it back as a loan, taking a promissory note

*2. Same: loans to association.*

therefor, no one would question the regularity of the transaction, providing, of course, the officers were acting within the apparent scope of their authority. Such being the case, no reason occurs to us why the same effect is not to be accorded to the giving of the note, without the idle form of passing the money over the secretary's table, only to pass it back again.

As to the authority of the president and secretary to execute the note in question, we are of the opinion that it is sufficiently established by the facts disclosed in the record to which we have already made general reference. The president and (more especially) the secretary are the executive officers of a building and loan association. The form of this note, and the circumstances of its execution, clearly indicate that it was given pursuant to a practice or custom prevailing in the management of the corporate business. The association received the consideration given for the note, and a record of the transaction appeared upon its books, to be read by every member and officer who cared to examine into its business. To permit it now to repudiate liability would be unconscionable. *Field v. Association,* 117 Iowa, 201; *Wisconsin Lumber Co. v. Green,* 127 Iowa, 350.

3. LOANS: authority of officers to make.

By the second count of plaintiff's petition, a right of action is based upon the maturity of the stock, and, if for any reason the trial court felt compelled to hold the note invalid, we see no escape from the conclusion that a recovery should have been allowed on this alternative claim. It is not denied that the stock had matured, or that upon settlement between plaintiff and the managing officers he was found entitled to the full face value of his shares. There is no claim that it has been paid, except by the giving of the note, as above stated, and, if the note should be held void for want of authority to issue it, then the original debt remains a good and valid claim for which a recovery should be allowed.

4. LIABILITY TO STOCKHOLDER: insolvency.

The fact, if it be a fact, that the association has since be-
come insolvent, can have no effect to invalidate such claim,
or to relegate the plaintiff from his position as creditor to
that of a member.   The association, admittedly continued in
business as a going, solvent corporation for a year or more
after maturing plaintiff's shares and giving him the note
sued upon in the first count of the petition, and, while there
is some conflict in the authorities, we think the better rule
to be that the association cannot be heard to plead, in avoid-
ance of the retiring member's right of action, that it was in
fact insolvent at a time long prior to the date when it actu-
ally ceased to do business.   *In re Investment B. Society*, 44
Weekly Rep. 141; *In re Alliance Society*, 28 Ch. Div. 559;
*In re Middleborough B. Soc.*, 54 L. J. Ch. Div. 592.

It should, also, be said, as to the case before us, that the
record is barren of any evidence of the insolvency of the
association at the time the plaintiff retired therefrom, or,
indeed, at any time since.   What we have said sufficiently
indicates our conclusion that, upon the case made, the plain-
tiff was entitled to recover.

The judgment of the district court is therefore *reversed.*