W. H. H. ASBURY, Receiver, v. J. T. ROWE, Appellant.

**Building and loan associations:** CANCELLATION OF CONTRACT: RIGHTS OF PERSONS NOT MEMBERS. Where the transaction between defendant and a building and loan association by which defendant surrendered certificates of stock belonging to his deceased mother, and received a bond and mortgage on the premises in which he had an interest as her heir, as in this case, amounted to an assignment of the bond and mortgage to the defendant and not payment of his mother's indebtedness, the defendant, having no interest in the association, was not liable on any claim against his mother; and the transaction can not be set aside because the association was insolvent and its stock worthless.

**Same:** UNAUTHORIZED ACTS OF AGENT: RATIFICATION. Where a building and loan association, having received through its secretary according to the usual course of business a sum of money from one not a stockholder and under no obligation to pay the same, failed to repay or tender a return of the money, it ratified the action of its secretary although unauthorized, and it can not therefore insist that his acts in the premises were without authority.

*Appeal from Wapello District Court.*—HON. C. W. VERMILLION, Judge.

FRIDAY, FEBRUARY 18, 1910.

THIS is an action in equity, brought by plaintiff as receiver of the Wapello 'Loan & Building Association, to

set aside a settlement by defendant with the secretary of the company, by which a certificate of four shares of stock of the association of the par value of $1,200, originally belonging to Mrs. Ellen Rowe, the mother of defendant, were paid in full and canceled, and a bond and mortgage for $1,200 borrowed from the association by Mrs. Rowe on her stock, were surrendered to defendant. The ground alleged for this relief was that the settlement was made through mutual mistake of the secretary and of this defendant, by reason of which defendant, who was, as heir of his mother then deceased, the owner of an interest in said property, was allowed in making full settlement for the amount due from his mother a credit of $240 for the value of her stock, when as a matter of fact the association was insolvent, and the stock was of no value. After a trial on the merits the lower court granted the relief prayed for, and decreed a foreclosure of the mortgage for the amount appearing to be due from Mrs. Rowe at the time of the settlement, less the amount paid by defendant. From this decree the defendant appeals.—*Reversed.*

*F. G. Orelup* and *Smith & Lewis,* for appellant.

*Mitchell & Hunter,* for appellee.

McCLAIN, J.—The controversy here presented is one branch only of a suit brought by the receiver of the building and loan association against many stockholders, to set aside settlements made by the secretary with stockholders and others in which an allowance of some assumed value of shares of stock had been made, notwithstanding the fact that the association was, and for a long time prior had been, insolvent, so that its shares of stock were of no actual value. As to this particular defendant, it was alleged that he was not a member of the association, but as

the heir of his mother, who was a member, he had made a settlement by which the association surrendered to him the bond and mortgage given by his mother to the association as evidence of a loan to her of $1,200 on her stock, and that said settlement was made through mutual mistake. For the purpose of this appeal it is conceded that at the time of the alleged settlement the association was insolvent and its stock was worthless, and that the credit of $240 given in the settlement on account of the value of the stock of Mrs. Rowe was so given through error and mistake. On the trial the defendant testified that the bond and mortgage representing Mrs. Rowe's loan from the association were assigned to him as a part of the settlement by the secretary, and after this transaction with the secretary, in which the amount of his mother's alleged indebtedness to the association after the credit thereon of the assumed value of her shares of stock had been paid by him, he procured complete title to the property by quitclaim deeds of their respective interests from his co-heirs. By the concession of counsel the sole question as to the correctness of the action of the lower court is whether the transaction between the secretary and this defendant was in fact an assignment of the bond and mortgage to defendant or a settlement with the secretary of the amount of the indebtedness of Mrs. Rowe.

Notwithstanding the testimony of defendant that the amount which he paid to the secretary was in satisfaction of his mother's indebtedness to the association, we reach the conclusion under the evidence that the real object of the payment was to get an assignment of the bond and mortgage which would protect defendant in his title to the property. He testified that the instruments were in fact assigned to him, and there is no evidence to the contrary. It is true that across the face of his mother's certificate of stock was at the same time written a state-

1. BUILDING AND LOAN ASSOCIATIONS: cancellation of contract: rights of persons not members.

ment that such certificate was paid in full and canceled by the cancellation of the mortgage which had been paid in full, but if in fact the defendant became the assignee of the bond and mortgage, it would be wholly immaterial, as between him and the association, whether or not the obligations of his mother to the association were fully satisfied.   Defendant was not a stockholder, and he was under no obligation to pay any assessments due from his mother to the association.   If the bond and mortgage were in fact assigned to defendant, then, so far as appears, there was no liability on the part of this defendant to satisfy any claim of the association against his mother.

It is contended by counsel for appellee that the secretary had no authority to make settlement with defendant and assign to him the bond and mortgage.   But the association received in pursuance of this settlement a sum of money from the defendant which he was under no obligation to pay, and, having failed to repay or tender to him the return of the money thus received, it has ratified the acts of its secretary, and can not now insist that they were without the scope of his authority.   In any event, the settlement was made with the secretary in the usual course of business, and it would seem that under such circumstances the association would be bound.   *Bohn v. Boone Building & Loan Association,* 135 Iowa, 140.

2. SAME: unauthorized act of agent: ratification.

The court erred in entering a decree against the defendant, and such decree is therefore *reversed.*